## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CITY OF SUNLAND PARK,**

          **Plaintiff,**

**vs.**                                      **No. CIV 02-0977 RB/KBM**

**THE BOARD OF COUNTY**
**COMMISSIONERS OF THE**
**COUNTY OF DOÑA ANA,**

          **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Dismiss Counterclaims (Doc. 9), filed on October 16, 2002.  Jurisdiction arises over the Complaint and the Counterclaims under 28 U.S.C. §§ 1331 and 1367.  Having reviewed the submissions of the parties and the relevant law, the Court finds that the motion is not well-taken and should be denied.

**I.**      **Background.**

The City of Sunland Park (hereinafter "the City") filed its Complaint for Injunction and Declaratory Judgment on August 7, 2002, alleging claims under 7 U.S.C. §1926(b) and 42 U.S.C. §1983 against Doña Ana County (hereinafter "the County").  The City alleges that it is a municipal corporation operating a public utility consisting of a joint water and wastewater system and the joint water and wastewater system of Santa Teresa Services Company (hereinafter "STSC").  (Compl. ¶ 1.)  The County operates a water and wastewater utility in the southeastern portion of the County, near the City.  (Compl. ¶ 2.)

On July 8, 2002, the County enacted two ordinances establishing water and wastewater service regions, including a "Border Service Area."  (Compl. ¶ 5.)  The ordinances require that

property owners and utility users within the Border Service Area obtain water and wastewater service exclusively from the County's utility and expressly prohibit users from obtaining water and sewer services from "any other public, private or municipal utility."  (Compl. ¶ 6.)  All new development and structures within the Border Service Area or existing structures without an existing water and wastewater service must obtain service from the County.  (*Id*.)  The City currently serves customers and has agreements to provide future water and wastewater services to property owners within the Border Service Area.  (Compl. ¶ 7.)

The City alleges that it is protected by §1926(b) because it is indebted to the United States Department of Agriculture, Rural Utilities Service (hereinafter "RUS").  (Compl. ¶ 8.)  The City asserts that it is entitled to declaratory and injunctive relief to prevent a violation of §1926(b) and to prohibit the County from infringing or encroaching on its federally protected service area.  (Compl. ¶¶ 10-11.)  The City further asserts that it is entitled to damages, attorney fees and costs because the County deprived the City of a federal right under §1926(b) pursuant to 42 U.S.C. §§1983 and 1988. (Compl. ¶¶ 13-14.)  In addition to damages, fees and costs, the City seeks a declaratory judgment, injunctive relief and imposition of a constructive trust on all County water facilities within the City's federally protected service area.  (Compl. ¶¶ 16-22.)

On September 4, 2002, the County answered, asserted affirmative defenses and advanced counterclaims.  (Doc. 3.)  On September 23, 2002, the County filed its First Amended Counterclaims, seeking a declaration that (1) the City is ineligible for RUS funding, (2) the City's proposed use of RUS funds is prohibited, (3) the City's purpose for RUS funds does not fall within the intent of the Rural Development Act, (4) the use of RUS funds to acquire utility infrastructure at the Airport Business Park is prohibited, (5) the use of RUS funds to serve non-rural areas is prohibited, (6) the

2

City has not fulfilled conditions precedent for RUS finding, (7) the City's use of an interim loan fund to acquire a utility violates state law, (8) the City does not have authority under state law to expand its municipal utility into County territory, (9) the City is prohibited from providing sewer service within County territory, (10) the City is prohibited from providing water service within the County territory, and (11) the City cannot impose and enforce its municipal ordinances outside the City limits.

## II.     Standard for Motion to Dismiss.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); FED.R.CIV.P. 12(b)(6).  When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party.  *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1336 (10th Cir. 1999).  In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted.  *Ordinance 59 Ass'n v. United States Dep't of Interior*, 163 F.3d 1150, 1152 (10th Cir. 1998).  For purposes of ruling on a motion to dismiss for want of standing, the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."  *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

## III.    Analysis.

## A.     Whether the County Lacks Standing to Bring Counterclaims 1 through 5.

The City claims that the County lacks standing to challenge the City's eligibility to receive funds from RUS under the governing federal statute and regulations.  In order to establish standing,

a litigant must satisfy three constitutional elements: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of where the injury has to be fairly traceable to the challenged action of the defendant, and (3) the likelihood that the injury would be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 560-61 (1992). In addition to the constitutional requirements, a federal court must weigh three prudential principles in the standing analysis: (1) a litigant must assert his own legal rights; (2) a litigant must not assert "generalized grievances" more appropriately addressed by one of the other branches of government; and (3) the litigant's claims must fall within the "zone of interest" to be protected or regulated by the statute or constitutional guarantee in question. *Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1450-51 (10th Cir. 1994); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U. S. 464, 472 (1982). The prudential considerations are part of judicial self-government and reflect that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560 (discussing U.S. CONST. Art. III, §1).

Of the three constitutional prerequisites for standing, the City disputes only the injury in fact element. Specifically, the City asserts that the RUS loan commitment to the City caused the County no concrete injury. However, as a present or potential competitor of the City, the County has a clear interest in verifying that the City has authority to apply for a federal loan barring competition. The City brought this suit against the County seeking, inter alia, the protection against competition provided by § 1926(b). In order to prevail on the merits of its claim, the City must establish that: (1) it is an association; (2) with a continuing indebtedness to RUS; and (3) it provided or made available service to the disputed area. *Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow*, 191

4

F.3d 1192, 1197 (10th Cir. 1999).  RUS loan indebtedness is a prerequisite to obtaining statutory

protection under §1926(b).  *Id.*  If the City prevails in the instant suit on its service area protection

claim, the County might be barred from serving customers within the Border Service Area.  *See*

*Sequoyah County*, 191 F.3d at 1196.  The loss of current and potential customers could harm the

County.  Therefore, it has alleged an injury in fact sufficient to establish constitutional standing.

The City argues that the County lacks prudential standing because it does not assert its own

legal rights and its claims do not fall within the zone of interest protected by §1926(b).  The County

is asserting its own legal rights to serve customers within the Border Service Area.  Numerous courts

have held that status as a competitor of a regulated entity satisfies the zone of interests test.  *See*

*Envirocare of Utah, Inc. v. Nuclear Regulatory Comm'n*, 194 F.3d 72, 75 (D.C. Cir. 1999); *Mova*

*Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1075 (D.C. Cir. 1998); *Melissa Indus. Dev. Corp.*

*v. North Collin Water Supply,* 256 F.Supp.2d 557 , 566 (E.D. Tex. 2003).  Because the County is

a potential competitor of the City in providing water and wastewater services to customers within the

Border Service Area, the County falls within the zone of interest protected by §1926(b).  Thus, the

County has standing to bring Counterclaims 1 through 5.

**B.    Whether the County Failed to Name a Necessary and Indispensable Party.**

The City argues that the County failed to join an indispensable party because it failed to name

the RUS as a third-party defendant.  Whether a party is necessary and indispensable is determined by

considering the factors set forth in FED. R. CIV. P. 19.  The analysis has two parts; first, the court

must determine whether a party is necessary under Rule19(a), second, the court must determine

whether it is indispensable under Rule 19(b).  *Salt Lake Tribune Pub. Co. v. AT & T Corp.*, 320 F.3d

1081, 1096 (10th Cir. 2003).

A party is necessary within the meaning of Rule 19(a) if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a).

The City bears the burden of demonstrating that the RUS is a necessary party. *Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999). The RUS does not qualify as a necessary party under any of the provisions of Rule 19. Complete relief between the City and the County can be accorded through a judgment for one of the existing parties. The County alleges that the City is ineligible for §1926(b) service area protection. The County does not seek relief against the RUS. The RUS does not have an interest that would be impaired by its absence from this litigation. The City has advanced no compelling argument in support of its position that the RUS is a necessary party. Because the RUS is not a necessary party, the court need not consider whether the RUS is an indispensable party. *See Davis v. United States*, 192 F.3d 951, 959 n.6 (10th Cir. 1999) (observing the question of whether an absent party is necessary must be answered in the affirmative before the court can determine whether the absent party is indispensable). The County need not join the RUS under Rule 19.

## C.	Whether the County Can Challenge a Decision of the RUS.

The City argues that the County is attempting to sue the RUS without naming the RUS as a party. The City reasons that if the RUS were sued, the RUS could assert sovereign immunity as a

defense.  The County responds that it is not attempting to sue the RUS.  Because the RUS is not a

party, sovereign immunity is not an issue.  The City's sovereign immunity argument is irrelevant.

**D.      Whether Collateral Estoppel Bars Counterclaims 6 and 7.**

The City asserts that Counterclaims 6 and 7 are barred by the doctrine of collateral estoppel.

Federal courts must give the same preclusive effect to state court judgments that those judgments

would be given in the courts of the State from which the judgment emerged.  28 U.S.C. §1738;

*Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982).  Federal courts seeking to

determine the preclusive effect of a judgment must look to the preclusion law of the state rendering

the judgment.  *Reed v. McKune*, 298 F.3d 946, 949 (10th Cir. 2002).  The doctrine of collateral

estoppel prevents a second litigation of the same issues between the same parties or those in privity

with the same party.  *Id*. at 950.

Under New Mexico law, the elements of collateral estoppel are:  (1) the party to be estopped

was a party [or privy] to the prior proceeding, (2) the cause of action in the case presently before the

court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated

in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation. *Shovelin*

*v. Central New Mexico Electric Cooperative, Inc.*, 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993).

The party invoking the doctrine of collateral estoppel has the initial burden of establishing a prima

facie case of collateral estoppel.  *Padilla v. Intel Corp.*, 125 N.M. 698, 701, 964 P.2d 862, 865 (Ct.

App. 1998).  If the prima facie case of collateral estoppel is established, the burden shifts to the party

opposing collateral estoppel to show that he was not afforded a full and fair opportunity to litigate

the issue in the prior proceeding.  *Id*.

In Counterclaim No. 6, the County alleges that the City has failed to fulfill conditions

precedent to RUS finding that are set out in federal regulations.  (First Am. Countercl. ¶¶ 30-32.)
Specifically, the County alleges that the City failed to publish notice of its intent to seek RUS funding,
failed to lawfully enact an ordinance to issue revenue bonds for the funding and failed to obtain
approval from its electorate on the question of whether or not it may issue revenue bonds to secure
the RUS funding (collectively "regulatory conditions precedent").  (*Id.*)  In its motion to dismiss
Counterclaim No. 6, the City argues that the regulatory conditions precedent issues were raised and
decided in a condemnation case in state district court styled *Sunland Park v. Santa Teresa Services
Co., et al.*, and numbered CV 96-0754, Third Judicial District, State of New Mexico (hereinafter
"condemnation case").  In support of its motion to dismiss Counterclaim No. 6, the City refers to its
appellate brief filed in the condemnation case.  (Pl. Ex. 5.)

The County argues that collateral estoppel does not bar Counterclaim No. 6 for two reasons.
First, the County argues that regulatory conditions precedent issues were not actually litigated nor
necessarily determined.  Second, the County did not have a full and fair opportunity to litigate these
claims in state court.  A review of the Letter Decision issued by the district court in the condemnation
case, (Def. Ex. 4), and the opinion of the New Mexico Court of Appeals reveals that the regulatory
conditions precedent issues were neither addressed in nor decided by the state courts.  *See City of
Sunland Park v. Santa Teresa Services Co.*, ____ N.M. _____, 75 P.3d 843 (Ct. App. 2003), *cert.
denied* ____ N.M. ____, 74 P.3d 1071 (2003).  Accordingly, the City has failed to meet its initial
burden of establishing a prima facie case of collateral estoppel with respect to Counterclaim No. 6.

In Counterclaim No. 7, the County alleges that the City incurred a loan from a private
corporation to fund the acquisition of the STSC utility without lawfully complying with the ordinance
enactment process, New Mexico Public Regulatory Commission approval or the issuance of revenue

bonds.  (First Am. Countercl. ¶¶ 33-37.)   The City claims that these issues were raised in the condemnation case and addressed by the state district court in its Letter Opinion.  (Def. Ex. 4.) Again the City cites to its appellate brief in support of its argument.  (Pl. Ex. 5.)

The County asserts that collateral estoppel is inapplicable to Counterclaim 7 because the issue was not actually litigated nor necessarily determined in state court and the County did not have a full and fair opportunity to litigate it.  In its Letter Decision, the state district court ruled that the issue of the legality of the interim loan "is not properly before the Court and will not be decided" and that the County did not have standing in the condemnation case to contest the actions of the City.  (Def. Ex. 4.)  The interim loan issue was not addressed on appeal.  *See City of Sunland Park*, ____ N.M. ____, 75 P.3d 843.  Because the issues raised by Counterclaim 7 were not raised or addressed in the condemnation case, the City has failed to meet its initial burden of establishing a prima facie case of collateral estoppel.  Counterclaims Nos. 6 and 7 are not barred by collateral estoppel.

**E.     Whether Res Judicata Bars Counterclaims 8 through 11.**

The City argues that Counterclaims 8 through 11 are barred by res judicata.  In Counterclaims 8 through 11, the County alleges that the City is not entitled to §1926(b) service area protection because it does not have authority to provide water and wastewater utility service in the Border Service Area.  The City contends that these claims are foreclosed due to the fact that the County failed to raise them in the condemnation case.

Under New Mexico law, res judicata has four elements: (1) the same parties or parties in privity; (2) the identity of capacity or character of persons for or against whom the claim is made; (3) the same subject matter; and (4) the same cause of action in both suits.  *Anaya v. City of Albuquerque*, 122 N.M. 326, 329, 924 P.2d 735, 738 (Ct. App. 1996); *Three Rivers Land Co. v.*

*Maddoux*, 98 N.M. 690, 693, 652 P.2d 240, 243 (1982). The party seeking to bar the claims has the burden of establishing res judicata. *Bank of Santa Fe v. Marcy Plaza Assoc.*, 131 N.M. 537, 540, 40 P.3d 442, 445 (Ct. App. 2001). Where an issue is not fully adjudicated on the merits, res judicata does not apply. *Ranville v. J.T.S. Enterprises, Inc.*, 101 N.M. 803, 689 P.2d 1274 (Ct. App. 1984).

The County argues that res judicata is inapplicable because the service area issue was not fully adjudicated on the merits. At the presentment hearing in the condemnation case, the state district court acknowledged that the service area issue was not litigated and not decided. (Def. Ex. 5 at 59.) Additionally, the subject matter and causes of action of the instant case and the condemnation case differ. Under these circumstances, the City has failed to establish that Counterclaims 8 through 11 are barred by res judicata.

## IV.   Conclusion.

The County has standing to assert its counterclaims against the City, the RUS is not a necessary or indispensable party, sovereign immunity is inapplicable, and the counterclaims are not barred by collateral estoppel or res judicata. Accordingly, the City's Motion to Dismiss should be denied.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Counterclaims (Doc. 9), filed on October 16, 2002, is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**