# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**CITY OF SUNLAND PARK,**

    **Plaintiff,**

**vs.**                                                                                   **No. CIV 02-0977 RB/KBM**

**THE BOARD OF COUNTY**
**COMMISSIONERS OF THE**
**COUNTY OF DOÑA ANA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Verde Santa Teresa LLC's (Verde's) Motion to Intervene (Doc. 83), filed on February 10, 2004, and Plaintiff's Motion to Amend Complaint (Doc. 91), filed on March 1, 2004. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having reviewed the submissions of the parties and the relevant law, and being otherwise fully advised, the Court finds that these motions are well-taken and that they should be granted.

**I. Verde's Motion to Intervene.**

Verde is a Delaware limited liability company authorized to do business in New Mexico. In June, 2003, Verde acquired almost 20,000 acres of land in southern Doña Ana County for approximately $18 million. (Verde Ex. A.) Verde plans to promote residential, industrial, and recreational development of the property. In furtherance of this goal, Verde agreed to purchase 18,773 acre-feet of appurtenant water rights for $6.4 million from the bankruptcy trustee that owned

the water rights. (Verde Ex. G.) Pursuant to an agreement in connection with the proposed sale, Sunland Park received a option to purchase 4,000 acre-feet of water rights from the other parties to the agreement. (Verde Ex. E.) On December 30, 2003, the New Mexico State Engineer approved a permit allocating the water rights to Verde, Doña Ana, and Sunland Park, as stipulated in the purchase agreement. (Verde Ex. F.) On the same day, the bankruptcy court approved the sale of the water rights. (Verde Ex. C.)

Verde argues that it is entitled to intervene as of right, pursuant to FED. R. CIV. P. 24(a), or on a permissive basis, pursuant to FED. R. CIV. P. 24(b). Doña Ana concurs with the motion to intervene. Sunland Park opposes intervention, arguing that the motion to intervene was untimely, Verde is estopped by the settlement agreement, Verde lacks any protectable interest, Verde's interests are adequately represented by Doña Ana, and that permissive intervention should be denied due to delay and prejudice. Verde replies that Sunland Park's actions in serving a subpoena duces tecum on Verde and filing a motion to amend complaint rebuts Sunland Park's untimeliness argument, Doña Ana does not adequately represent Verde's interests, and the settlement agreement bolsters Verde's right to intervene.

**A. Whether Verde is entitled to intervene as of right.**

An applicant may intervene as of right if: (i) the application is timely; (ii) the applicant claims an interest relating to the property or transaction that is the subject of the action; (iii) the applicant's interest may, as a practical matter, be impaired or impeded; and (iv) the applicant's interest is not adequately represented by existing parties. *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (citing FED. R. CIV. P. 24(a)). The Tenth Circuit follows "a somewhat liberal line in allowing intervention." *Coalition of*

*Arizona/New Mexico Counties*, 100 F.3d at 840 (quoting *Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977)).

Sunland Park contends that the motion to intervene is untimely. The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances. *Utah Assoc. of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001). "The analysis is contextual; absolute measures of timeliness should be ignored." *Id*. (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (10th Cir. 1994)). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Utah Assoc. of Counties v. Clinton*, 255 F.3d at 1250. Intervention should be allowed "where no one would be hurt and greater justice could be attained." *Id.* (quoting *Sierra Club v. Espy*, 18 F.3d at 1205).

Verde obtained its interest in the water rights less than two months before it filed the motion to intervene. Trial is set for August 2, 2004. Counsel for Verde has represented that it will not seek additional discovery and will not object to the current pretrial deadlines. Although Sunland states that it would be prejudiced by intervention, its own conduct undermines this position. Sunland's proposed amended complaint includes additional claims that Doña Ana has required customers to connect to the Doña Ana utility in violation of New Mexico law and 42 U.S.C. §1983. If the motion to amend complaint is granted, the new allegations may require additional discovery. Sunland has already served a subpoena duces tecum on Verde.

Sunland has failed to establish how it would be prejudiced by the requested intervention. No harm would come to the present parties and greater justice could be attained if the motion were

3

granted. Accordingly, Verde's request to intervene is timely within the meaning of Rule 24(a). *Utah Assoc. of Counties v. Clinton*, 255 F.3d at 1250.

Sunland Park argues that Verde has no direct interest in the suit. Rule 24(a)(2) requires that an intervenor claim "an interest relating to the property or transaction that is the subject of the action." The interest must be "direct, substantial, and legally protectable." *Coalition of Arizona/New Mexico Counties*, 100 F.3d at 840 (quoting *Vermejo Park Corp. v. Kaiser Coal Corp.*, 998 F.2d 783, 791 (10th Cir. 1993)). The inquiry is highly fact-specific, and the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process. *Coalition of Arizona/New Mexico Counties*, 100 F.3d at 841. The interest of the intervenor is not measured by the particular issue before the court, but is instead measured by whether the interest the intervenor claims is related to the property that is the subject of the action. *Utah Assoc. of Counties*, 255 F.3d at 1252.

Sunland Park seeks protection under 7 U.S.C. § 1926(b). Verde owns land and water rights that could be affected by the outcome of this litigation. "The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest." *Utahns for Better Transp. v. U.S. Dept of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002). Verde's interest in the question of whether Sunland Park is entitled to § 1926(b) protection as to its property is sufficiently related to the subject of this action to support intervention as of right.

An intervenor must demonstrate that the disposition of the action may as a practical matter impair or impede their ability to protect their interest. FED. R. CIV. P. 24(a)(2). This inquiry is closely related to the existence of an interest. *Utah Ass'n of Counties*, 255 F.3d at 1253. A proposed intervenor must show only that impairment of its substantial legal interest is possible if intervention

4

is denied. *Id.* This burden is minimal. *Id.* Verde has an interest in the question of whether Sunland Park is entitled to §1926(b) protection as to its property. Because the outcome of this litigation could jeopardize its interest, Verde satisfies this third element for intervention.

The burden is on Verde to show that the representation by the existing parties may be inadequate, but this burden is minimal. *Utah Assoc. of Counties*, 255 F.3d at 1254; *Coalition of Arizona/New Mexico Counties*, 100 F.3d at 845. The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden. *Utah Assoc. of Counties*, 255 F.3d at 1254. It is "on its face impossible" for a government agency to protect not only the public interest, but the interest of a private party such as Verde. *Coalition of Arizona/New Mexico Counties*, 100 F.3d at 845. Such a conflict satisfied the minimal burden of showing inadequacy of representation. Doña Ana is protecting the public interest and should not be expected to simultaneously represent the interests of Verde. Accordingly, Doña Ana may not adequately represent Verde's interests. The motion to intervene should be granted as of right.

**B. Whether Verde should be granted permissive intervention.**

"Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common." FED. R. CIV. P. 24(b). Permissive intervention is within the sound discretion of the trial court. *Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992). In considering a motion to intervene, the district court should consider whether the intervention would unduly delay or prejudice the adjudication of the rights of the original parties. FED. R. CIV. P. 24(b).

Verde's claims and those of the main action involve common questions of law and fact. Trial is five months away. The requested intervention will not alter the course of the proceedings. Verde

satisfies the requirements for permissive intervention, as well as intervention as of right. The motion to intervene should be granted.

**II.     Sunland Park's Motion to Amend Complaint, filed March 1, 2004.**

Sunland Park moves to amend its complaint to include allegations that Doña Ana required two utility customers to connect to its system in violation of state law since the filing of the original Complaint in August 2002. Doña Ana opposes the amendment, arguing that this court lacks jurisdiction, the court should not exercise supplemental jurisdiction, and the amendment is futile.

After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse parties. FED. R. CIV. P. 15(a). Leave to amend shall be freely granted when justice so requires. *Id.* However, if the court determines that there has been undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave to amend may be denied. *Foman v. Davis*, 371 U. S. 178 (1962).

Doña Ana argues that the court lacks subject matter jurisdiction because the proposed amendment relies on a criminal statute. One of the statutes cited by Sunland Park, NMSA 1978, § 3-20-15, provides that connecting a customer to a utility without municipal approval is a misdemeanor. Sunland Park responds that it is not seeking to impose criminal penalties. The proposed amendment asserts a potentially valid state law civil claim concerning the provision of water service.

In civil actions where this court has original jurisdiction, the court has supplemental jurisdiction over all other claims that are so related to the federal claims that they form part of the

same case or controversy. 28 U.S.C. §1367(a). Sunland Park has sued Doña Ana for violation of § 1926(b) and for relief under 42 U.S.C. § 1983 with respect to the provision of water utility service within the Sunland Park vicinity. Original federal jurisdiction is present. *See* 28 U.S.C. § 1331. The proposed amendment concerns the provision of water utility service within Sunland Park vicinity. Because original jurisdiction exists and the facts underlying the proposed amendment overlap the facts underlying the pending federal claims, the court has supplemental jurisdiction over the proposed amendment.

The exercise of supplemental jurisdiction is discretionary. *See* 28 U.S.C. § 1367(a); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172 (1997). Courts have traditionally considered whether the claims derive from a common nucleus of operative fact and whether the plaintiff would ordinarily expect to try them in one proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

In determining whether to exercise supplemental jurisdiction, a court should consider the factors that may counsel against supplemental jurisdiction contained in § 1367(c). *See International College of Surgeons*, 119 U.S. at 173. These factors include (1) whether the claim raises a novel or complex issue of state law or (2) whether the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. *See* 28 U.S.C. § 1367(c). The state and federal claims share a common nucleus of operative fact and, for that reason, one would expect to try them together. The proposed amendment does not raise a novel or complex issue of state law and it does not predominate. Supplemental jurisdiction should be exercised over the proposed amendment.

Doña Ana argues that the amendment would be futile. A proposed amendment is futile if it

7

would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss. *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001); *Bauchman v. West High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997). Sunland Park asserts that Doña Ana connected its utility system to two customers in violation of state subdivision law. I cannot say that, as a matter of law, the proposed amendment would be subject to dismissal or summary judgment. Because the amendment is not necessarily futile, the motion to amend should be granted.

**WHEREFORE,**

    **IT IS ORDERED** that Verde's Motion to Intervene (Doc. 83), filed on February 10, 2004, and Plaintiff's Motion to Amend Complaint (Doc. 91), filed on March 1, 2004, are **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**